Affirmed and Memorandum Opinion
filed February 8, 2011

 

In
The

Fourteenth
Court of Appeals



NO. 14-09-00518-CR



Teresa Akhter
Moreno, Appellant 

v.

The State of
Texas, Appellee 



On Appeal from
the 184th District Court

Harris County, Texas

Trial Court
Cause No. 1133049



 

MEMORANDUM OPINION 

            A
jury convicted appellant, Teresa Akhter Moreno, of theft of cash of over two
hundred thousand dollars and assessed punishment at twenty-five years’
confinement.  In three issues, appellant claims that her trial counsel rendered
ineffective assistance of counsel.  We affirm.  

Background

            Michael
Bruce is the owner of Bruce Plumbing.  Appellant worked as a bookkeeper for
Bruce Plumbing from 1991 to 2006.  Appellant was responsible for the accounts
payable, accounts receivable, and payroll.  In early June 2006, appellant was
hospitalized for injuries sustained in an automobile accident.  As a result of
appellant’s absence, Bruce contacted his CPA about getting the bills paid and
payroll done.  As a result of the CPA’s involvement and an ensuing
investigation, Bruce discovered that (1) the general ledger information for
payee and the bank statement information for payee did not match and (2) many
Bruce Plumbing checks contained forgeries of his signature.  As Bruce and his
foreman were the only authorized signers on the accounts, Bruce contacted the Houston
Police Department with the information.  

            The
investigation by David Pliant, a fraud examiner for the Harris County District
Attorney’s Office, revealed 601 checks signed by appellant from December 1,
1998, to May 2006, as far back as records existed, which totaled $482,375.  The
State’s theory of the case was that appellant stole the money to pay appellant’s
gambling debts.  

            Appellant
did not dispute signing Bruce’s name to checks or to having significant
gambling debts.  Instead, appellant, herself, testified that Bruce authorized
her to sign the checks to make payments for her truck note and her credit
card.  Appellant testified that Bruce gave her this authority because she knew
he was having an affair with another employee.  Appellant also testified extensively
about her income from multiple jobs and short-term loans taken to pay the
gambling debts. 

Ineffective Assistance of Counsel

            In
three issues, appellant claims her trial counsel was ineffective for failure to
call witnesses who had information relevant to her defense and for failure to
present documentary evidence of her financial resources.  Specifically,
appellant contends that a receptionist, Angela Martinez, also knew of, and
would have been able to testify about, Bruce’s affair; however, appellant does
not assert that Martinez was aware of any compensation arrangement in
connection with appellant’s knowledge of the affair.  Appellant also complains
of trial counsel’s failure to call another receptionist, Allie Aldrocron, but
does not suggest what knowledge Aldrocron had that would have supported her
defense.  Appellant further contends that documentary evidence regarding additional
jobs she worked, while employed by Bruce Plumbing, and loans taken out by her
would have supported her testimony where the State posited that she was
stealing money to support a gambling habit.  

            Both
the United States and Texas Constitutions guarantee an accused the right to
assistance of counsel.  U.S. Const.
amend. VI; Tex. Const. art. I, §
10; see also Tex. Code Crim. Proc
Ann. art. 1.051 (West Supp. 2009).  This right necessarily includes the
right to reasonably effective assistance of counsel.  Strickland v.
Washington, 466 U.S. 668, 686 (1984).  To prevail on an effective
assistance claim, the appellant must show that (1) counsel’s performance was
deficient by falling below an objective standard of reasonableness and (2)
there is a probability, sufficient to undermine the confidence in the outcome,
but for counsel’s unprofessional errors, the result of the proceeding would
have been different.  Cannon v. State, 252 S.W.3d 342, 348–49 (Tex. Crim.
App. 2008).  To succeed on an ineffectiveness claim, a defendant must satisfy
both prongs; failure to demonstrate either deficient performance or prejudice
will defeat a claim of ineffectiveness.  Perez v. State, 310 S.W.3d 890,
893 (Tex. Crim. App. 2010).  The defendant must prove ineffectiveness by a
preponderance of the evidence.  Id.  

            Review
of counsel’s representation is highly deferential, and the reviewing court
indulges a strong presumption that counsel’s conduct fell within a wide range
of reasonable representation.  Salinas v. State, 163 S.W.3d 734, 740
(Tex. Crim. App. 2005).  In the majority of cases, the record on direct appeal
is undeveloped and cannot adequately reflect the motives behind trial counsel’s
actions.  Mallett v. State, 65 S.W.3d 59, 63 (Tex. Crim. App. 2001); see
also Goodspeed v. State, 187 S.W.3d 390, 392 (Tex. Crim. App. 2005) (“‘[T]rial
counsel should ordinarily be afforded an opportunity to explain his actions
before being denounced as ineffective.’” (quoting Rylander v. State, 101
S.W.3d 107, 111 (Tex. Crim. App. 2003))).  To overcome the presumption of
reasonable professional assistance, any allegation of ineffectiveness must be
firmly founded in the record, and the record must affirmatively demonstrate the
alleged ineffectiveness.  Salinas, 163 S.W.3d at 740.  When the record
is silent as to trial counsel’s strategies, we will not conclude that counsel’s
performance was deficient “unless the challenged conduct was ‘so outrageous
that no competent attorney would have engaged in it.’”  Goodspeed, 187
S.W.3d at 392 (quoting Garcia v. State, 57 S.W.3d 436, 440 (Tex. Crim.
App. 2001)).  

            No
motion for new trial was filed in this case.  Because there was no motion for
new trial hearing, the record is silent regarding: (1) appellant’s trial
counsel’s reasons for failing to call Martinez and Aldrocron; (2) whether the
witnesses were available; or (3) what the witnesses’ testimony would have been. 
A counsel’s failure to call witnesses is irrelevant absent a showing that such
witnesses were available and that appellant could benefit from their
testimony.  See Perez, 310 S.W.3d at 894.  Appellant makes no such
showing here.  The record is also silent as to appellant’s trial counsel’s
reason for failing to present testimonial and documentary evidence regarding
appellant’s part-time jobs and loans.  However, the record does contain
documentary evidence in support of some of appellant’s part-time jobs such as
her Ford Motor Credit Application.  The record also contains corroboration of
the loans such as Bruce’s testimony that he was aware of the loans.  

            To
find that trial counsel was ineffective based on any of appellant’s assertions
would call for speculation about why counsel failed to bring additional support
for the matters about which appellant had already testified.  See Jackson v.
State, 877 S.W.2d 768, 771 (Tex. Crim. App. 1994); see also Tong v.
State, 25 S.W.3d 707, 714 (Tex. Crim. App. 2000) (“[W]ithout some
explanation as to why counsel acted as he did, we presume that his actions were
the product of an overall strategic plan.”).[1]
 On the record before this court, appellant has failed to rebut the strong
presumption in favor of effectiveness of counsel, and we cannot conclude that
counsel’s performance was deficient.  Appellant’s issues are overruled.  

            Having
overruled all of appellant’s issues, we affirm the trial court’s judgment.  

 

 

                                                                                    

                                                                        /s/        Sharon
McCally

                                                                                    Justice

 

 

Panel consists of Justices Anderson,
Seymore, and McCally.

Do
Not Publish — Tex. R. App. P. 47.2(b).









[1]
The Texas Court of Criminal Appeals has held there are “rare
ineffective-assistance cases” in which the record on direct appeal is
sufficient for an appellate court to make a decision on the merits.  See
Cannon, 252 S.W.3d at 350 (finding prejudice was presumed where “[d]efense
counsel, although physically present in the courtroom at all the requisite
times, effectively boycotted the trial proceedings and entirely failed to
subject the prosecution’s case to meaningful adversarial testing”); Andrews
v. State, 159 S.W.3d 98, 103 (Tex. Crim. App. 2005) (holding, “[u]nder the
extremely unusual circumstances of this case,” record contained all information
needed to determine that failure to object to prosecutor’s misstatement of law
was deficient).  This is not one of those cases.